IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MCNEIL,

        Plaintiff,                      CV F 03 6298 REC WMW   P

  vs.                                  FINDINGS AND RECOMMENDATIONS

SALZMAN, et al.,.

        Defendants.

        Plaintiff is a former state prisoner proceeding pro se.  Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procdeure 12(b) for plaintiff's failure to exhaust his available administrative remedies prior to filing suit.  Plaintiff has not opposed the motion.

        Defendants filed their motion on December 30, 2005, and served plaintiff with the motion at his address of record.   Plaintiff has not filed an opposition, or any other response, to the motion.  Local Rule 78-230(m) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion..."  The court will deem plaintiff's failure to oppose defendant's motion to dismiss a waiver, and recommend that the motion be granted on that basis.

     Failure to follow a district court's local rules is a proper grounds for dismissal. U.S. v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).  Thus, a court may dismiss an action for plaintiff's

1

failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition.  See Ghazali v.Moran, 46 F.3d 52 (9th Cir. 1995), cert. denied 116 S.Ct. 119 (1995) (dismissal upheld even where plaintiff contends he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to F.R.C.P. 5(b), and time to file opposition); cf. Marshall v. Gates, No. 93-5022, slip op. 99, 105-06 (9th Cir. Jan. 4, 1995); Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (motion for summary judgment cannot be granted simply as a sanction for a local rules violation, without an appropriate exercise of discretion).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

| | |
|---|---|
| **Dated:    April 7, 2006**<br>mmkd34 | **/s/  William M. Wunderlich**<br>UNITED STATES MAGISTRATE JUDGE |